# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jessica A. Schmidt, | Case No. 21-cv-2353 (NEB/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| DePuy Synthes Sales, Inc. et al., | |
| Defendant. | |

This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing ("Joint Motion") (ECF No. 123). The parties agree that the following documents should remain under seal: ECF Nos. 108, 111, 111-1–19, 112, 112-1–17, 117, 117-1–5, 119, 119-1–6, and 121. Each of these documents was filed in connection with Defendants DePuy Synthes Sales, Inc. ("DuPuy") and Johnson & Johnson's ("J&J") Motion for Summary Judgment (ECF No. 106). On July 10, 2024, District Judge Nancy E. Brasel granted the Motion for Summary Judgment in part and denied it in part (ECF No. 127).

## I.     Legal Standard

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). "[A]ll documents properly filed by a litigant seeking a judicial decision are judicial records and entitled to a presumption of public access." *Marden's Ark, Inc. v. UnitedHealth Group, Inc.*, 534 F. Supp. 3d 1038, 1045 (D. Minn. 2021); *see also* Local Rule 5.6, 2017 Advisory Committee Note ("[T]he public does have a qualified right of access to information that is filed with the court. Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's

need for confidentiality outweighs the public's right of access."). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings …." *IDT Corp.*, 709 F.3d at 1222 (quotation and citation omitted). It also provides a measure of accountability to the public at large, which pays for the courts. *Id.* (citation omitted).

However, the "right to inspect and copy judicial records is not absolute." *Id.* at 1222 (quoting *Nixon v. Warner*, 435 U.S. 589, 597–98 (1978)). "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224. When the documents at issue played a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). On the other hand, when the documents at issue did not play a material role in the exercise of Article III power or are of little value to those monitoring the courts, the presumption of public access instead "amounts to … a prediction of public access absent a countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

Based on the foregoing precedents, to the extent the exhibits in question played a material role in Judge Brasel's decision, the party seeking to keep the records under seal may overcome the presumption of public access only by proffering "compelling reasons" for doing so. As to all other documents, the Court applies only a prediction of public access absent any "countervailing reason" to the contrary.

**II.     Analysis**

   **A.     Uncited Documents**

Judge Brasel's Order on Defendants' Motion for Summary Judgment did not cite to any of the following documents, which the parties agree should remain under seal: ECF Nos. 111-3, 111-5–13, 111-17–18, 112, 112-1–7, 112-9–17, 117, 117-1–5, 119, and 119-1–6. The parties argue these documents should remain under seal because they contain one or more of the following categories of information: (1) confidential business information; (2) confidential human resources information; or (3) confidential employee compensation information. (*See generally* ECF No. 123.) Having reviewed these documents, the Court finds the parties have provided countervailing reasons sufficient to overcome the prediction of public access. The Court therefore orders that they remain under seal.

   **B.     Other Documents**

The parties also seek to keep sealed Defendants' unredacted Memorandum in Support of their Motion for Summary Judgment (ECF No. 108) and a variety of other documents, which Judge Brasel cited or relied upon in her Order on Defendants' motion, including: ECF Nos. 111, 111-1–2, 111-4, 111-14–16, 111-19, 112-8 and 121. The Court applies a more rigorous sealing standard to these documents because of the material role they played in Judge Brasel's decision and their importance to the public in fully understanding that decision. *See IDT Corp.*, 709 F.3d at 1224; *see also* In re *Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 245 F.R.D. 632, 636 (D. Minn. 2007) (applying a heightened burden to seal documents filed in support of and in opposition to motions for summary judgment).

The parties argue these documents warrant continued sealing because they contain confidential business and human resources information. (ECF No. 123.) The Court agrees that

3

confidential business and sensitive human resources information can warrant sealing. *See, e.g.*, *A.I.G. Agency, Inc. v. Am. Int'l Grp., Inc.*, No. 4:17-cv-01502 (SEP), 2023 WL 6105187, at *2 (E.D. Mo. Sept. 18, 2023) ("The law does support granting properly supported motions to seal confidential business information[.]") (citations omitted); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (allowing for the redaction of "sensitive personal information"). But Defendants make no effort to support the bare assertion that these documents contain confidential and sensitive information. *See Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 981 (D. Minn. 2016) (denying a motion for leave to file documents under seal due, in part, to the failure to support the claim that the documents contained sensitive business information); *see also, e.g.*, *A.I.G. Agency Inc.*, 2023 WL 6105187, at *2 (denying motions for sealing when the "parties … provided no evidence and only generic justifications" and thus "failed to provide 'compelling reasons' for keeping specific information under seal.") (citing *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1223 (Fed. Cir. 2013)).

Moreover, some of the information in question is necessary for a complete understanding of Judge Brasel's decision. For example, Judge Brasel's Order includes the following citations to documents that the parties seek to keep sealed: (1) Plaintiff's offer letter and the initial training requirement (ECF No. 127 at 1–2, citing ECF No. 111-16); (2) the "M1" and "M2" regional manager jobs and the distinctions between those job categories (*id.* at 2, 13, citing ECF Nos. 111, 111-1 and 111-4); (3) Plaintiff's performance reviews (*id.* at 3, 7, citing ECF Nos. 111-14–15); (4) The details surrounding Plaintiff's promotion, her offer, and the lack of a training requirement in her promotion offer (*id.* at 3, 10, citing ECF No. 111, 111-16, 111-19); (5) the requirement that Johnson & Johnson Human Resources approve of the firing of a DePuy employee (*id.* at 4, citing

4

ECF No. 111); and (6) the number of regional managers and their sex in Plaintiff's region (*id.* at 12, citing ECF No. 111).  Because this information is critical to understanding Judge Brasel's opinion, and because the parties offer no specific support for their sealing request, much less any reason the Court could find compelling, the Court concludes the public's interest in this information outweighs the parties' competing interests in keeping it sealed.

The parties further argue that some of the cited exhibits—ECF Nos. 108, 111-19, 112-8 and 121—contain "confidential employee compensation" information (*see* ECF No. 123).  Courts have found that individual privacy interests in such confidential information can warrant sealing. *See, e.g.*, *Dodona I, LLC*, 119 F. Supp. 3d at 156 (allowing redaction of compensation as "sensitive personal information"); *Statoil (Nigeria) Ltd. v. Nigerian Nat'l Petroleum Corp.*, 18-cv-2392, 2020 WL 3170566, at *2 (S.D.N.Y. June 15, 2020) (approving request to redact employee salary information); *see also Amodeo*, 71 F.3d at 1050-51 ("[T]he privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation.").  But in this matter, employee salaries are central to Plaintiff's claim and the parties' arguments at summary judgment.  For the public to understand the underlying equal-pay issues, it "must understand what constitutes the compensation of Plaintiff's proposed comparators and how Defendant[s] determine it, making the presumption of public access particularly strong with respect to this information." *Rowe v. Google LLC*, 19-cv-8655 (LGS), 2022 WL 4467628, at *2 (S.D.N.Y. Sept. 26, 2022).  To accommodate both the public's strong presumption of access to this information and the countervailing personal privacy interests asserted, the Court will allow the parties to redact third-party employee names and use pseudonyms or initials instead as identifiers.  Addresses, phone numbers, birthdates, social security numbers, and similar personal identifying information (including Plaintiff's) also may be

redacted. Compensation amounts may not be redacted, however, *see id.* (adopting this approach), and Plaintiff's name on these documents must be made available to the public.

The Court therefore orders the parties to file versions of ECF Nos. 108, 111, 111-1–2, 111-4, 111-14–16, 111-19, 112-8 and 121, with *minimal* redactions to protect personal identifying information unnecessary to the disposition of this matter, the privacy interests of non-party employees, and highly sensitive business information. Such redactions must be limited to: (1) redacting non-party employee names and substituting those names with initials or pseudonyms; (2) redacting addresses, phone numbers, birthdates, social security numbers, and similar personal identifying information; and (3) redacting intellectual property, trade secrets, customer or supplier lists, distribution methods, marketing strategies, and other non-public business information of a similar highly sensitive nature. If the parties do not file minimally-redacted versions of these documents within 21 days consistent with this Order, the Court will order them to be unsealed in full pursuant to Local Rule 5.6(d)(3)(C).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** the parties' Joint Motion Regarding Continued Sealing (ECF No. [123]) be **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The Clerk of Court is directed to keep the following documents **UNDER SEAL**: ECF Nos. 111-3; 111-5–13; 111-17–18; 112; 112-1–7; 112-9–17; 117; 117-1–5; 119; and 119-1–6.

2. The parties must file versions of the following documents with redactions consistent with this Order by **August 19, 2024**, failing which the Court will order the Clerk of the

Court to unseal them in 21 days pursuant to Local Rule 5.6(d)(3)(C):  ECF Nos. 108; 111; 111-1–2; 111-4; 111-14–16; 111-19; 112–8; and 121.

Dated: July 29, 2024                                         *s/ Dulce J. Foster*
                                                                              Dulce J. Foster
                                                                              United States Magistrate Judge